IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| OFF THE GRILL FRANCHISING, LLC, f/k/a GRILLCO, LLC | )<br>)<br>) Civil Action No. _____ |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| HICKORY PARTNERS, LLC, and ANTHONY BRIAN GULSBY, and CHARLES WILLIAM GULSBY, | )<br>)<br>)<br>) |
| Defendants. | ) |

## COMPLAINT

COME NOW the plaintiff, Off the Grill Franchising, LLC, f/k/a Grillco, LLC (hereinafter "OTG"), and for claim for relief against the defendants, Hickory Partners, LLC ("Hickory"), Anthony Brian Gulsby and Charles William Gulsby (hereinafter collectively "Gulsbys"), would state to the Court the following:

### PARTIES AND JURISDICTION

1. Plaintiff OTG is a limited liability company organized and existing under the laws of the state of Delaware. OTG's principal place of business is 1728 General George Patton Drive, Suite 200, Brentwood, TN 37027. OTG serves as Franchisor for a chain of restaurants in several states, known as Off the Grill Restaurants.

2. Defendant Hickory is a limited liability company organized and existing under the laws of the state of Alabama. Hickory's principal place of business is 8609 Wible Ave, Montgomery, AL 36116. Hickory was formed to operate an Off the Grill Franchise in Montgomery, Alabama.

3. Defendant Anthony Brian Gulsby is a guarantor and manager of Hickory, and a

resident of the State of Alabama, residing at 8609 Wible Run, Montgomery, Alabama 36116.

4. Defendant Charles William Gulsby is also a guarantor and manager of Hickory, and a resident of the State of Alabama, residing at 4584 County Road 37, Fitzpatrick, Alabama 36029.

5. Defendant Hickory and Defendants Gulsbys entered into an Unit Franchise Agreement (attached as Ex. A) on August 1, 2003 with Off the Grill Franchising, Inc. (hereinafter "OTGF"), to operate an Off The Grill restaurant, with OTGF serving as the Franchisor and Defendants as Franchisee.

6. Defendants Hickory and Gulsbys, and OTGF also entered into an Amendment to Unit Franchise Agreement (attached as Ex. B) on August 1, 2003.

7. Finally, Defendants Hickory and Gulsbys, and OTGF entered into a Guaranty of Franchise Owner's Understandings (attached as Ex. C).

8. OTGF subsequently filed a petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Tennessee.

9. At all times relevant, OTGF's principal place of business was located within the Middle District of Tennessee.

10. OTG purchased certain assets and assumed certain executory contracts of OTGF, free and clear of all liens, claims and encumbrances pursuant to the provisions of 11 U.S.C. § 363, as confirmed in an Order ("Bankruptcy Sale Order") (Ex. D) issued by the United States Bankruptcy Court for the Middle District of Tennessee on July 6, 2004. The agreements with Hickory and the Gulsbys were included in those assumed by OTG.

11. As a part of the sale to OTG, Hickory was given notice of the proposed sale, the opportunity to object, notice of the proposed assumption of the Unit Franchise Agreement between Hickory and OTGF and an opportunity to assert any defaults and cure amounts owed.

2

12. Hickory did not object to the sale, nor did it claim that there were any defaults under the Unit Franchise Agreement, nor did it assert that there were any cure amounts owed.

13. Accordingly, the Bankruptcy Sale Order held "no parties to executory contracts or unexpired leases having filed written statements of alleged defaults or cure amounts in response to Debtor's Sale Motion, the cure amounts for such executory contracts and unexpired leases identified therein are hereby fixed at $0."

14. Following the purchase of the assets through the Bankruptcy Court sale, Grillco, LLC changed its name to Off The Grill Franchising, LLC.

15. Venue and personal jurisdiction are appropriate in this Court pursuant to the Franchise Agreement (Ex A. § 21(J)(i), at 42) whereby the parties agreed that the District Court in which OTG is located has venue, and by which Defendants waive any defense of lack of personal jurisdiction.

16. This Court also has proper subject matter jurisdiction pursuant to 15 U.S.C. § 1121, and 28 U.S.C. § 1338.

## FACTS

17. The Unit Franchise Agreement, Amendment to Unit Franchise Agreement, and Guaranty of Franchise Owner's Undertakings (collectively "the Agreements") between Defendants and Plaintiff OTG recognize the importance and value held by OTG as Franchisor in the licensed marks relating to the restaurant business (see e.g., Ex. A, § 6(A) at 6; Ex. B § 6(A) at 2). OTG attached particular importance to signs at the franchise location bearing the licensed mark, along with the "trade dress" at the premises.

18. Defendants agreed that upon termination they would immediately de-identify the property, and remove "all signage bearing the Licensed Marks," remove all items of "trade

3
N:\N & H\Potential Clients\Off The Grill\Complaint-Off the Grill v Hickory Partners #2.doc
Case 3:05-cv-00650 Document 1 Filed 08/23/05 Page 3 of 7 PageID #: 49

dress," and repaint he premises "in color schemes which are not similar to Franchisor's standardized and recognizable red, black and gold colors." (Ex. A, § 14(A)(v) at 31).

19. Defendants also agreed to immediately return any "Confidential Manuals" containing confidential and proprietary information relating to Franchisor's licensed system. (Ex. B, § 8(B) at 8).

20. Defendants violated Sections 13 (B) (i)(ii) & (v) and (C)(x)(xi)(xii) of the Agreement (Ex. A and B), by generally failing to pay OTG in accordance with the Agreements and by simply shutting down and abandoning the restaurant premises.

21. Pursuant to the Agreements OTG served notice of termination upon Defendants by letter on June 15, 2005 (attached as Ex. E).

22. Defendants have taken no steps to cure their breaches, and the premises remains abandoned.

23. Defendants have not removed the signs reflecting OTG's licensed mark, they have not removed the "trade dress," they have no repainted the building, and they have not returned the confidential manuals.

24. Defendants have also failed to pay OTG the money owed both pre-termination and as damages post-termination.

## COUNT I - Breach of Contract

25. The allegations of paragraphs 1 through 18 of the Complaint are incorporated herein, and realleged as if set forth fully and at length.

26. Defendants' conduct violates the Agreements and they are therefore in breach of their contract obligations as detailed in the proceeding paragraphs.

27. Pursuant to Section 14 of the Agreements (Ex. A at 30) they are obligated to pay all

4

N:\N & H\Potential Clients\Off The Grill\Complaint-Off the Grill v Hickory Partners #2.doc
Case 3:05-cv-00650   Document 1   Filed 08/23/05   Page 4 of 7 PageID #: 50

the sums owed up unto the date of termination.

28. Defendants are also obligated by the Agreement to pay all post termination damages.

29. Plaintiff OTG is entitled to $240,051.72 in pre and post-termination damages from Defendants. (Calculations attached hereto as Ex. F).

30. OTG is also entitled to its reasonable attorneys' fees and expenses as contracted for in Section 14 of the Agreements (Ex. A at 30).

## COUNT II - Violation of the Lanham Act

31. The allegations of paragraphs 1 through 24 of the Complaint are incorporated herein, and realleged as if set forth fully and at length.

32. Defendants failure to remove OTG's licensed marks, signs, and trade dress is causing OTG irreparable injury as recognized under the Lanham Act - 15 U.S.C. §§ 1051 et seq.

33. 15 U.S.C. § 1114 - establishes a cause of action for infringement of trademark, and 15 U.S.C. § 1125 recognizes a cause of action for unfair competition. Defendants' conduct violates 15 U.S.C. §§ 1114 and 1125.

34. 15 U.S.C. § 1116 allows an injured holder of a trademark to seek injunctive relief.

35. 15 U.S.C. § 1117 authorizes a damaged trademark holder to recover attorneys' fees for the violation of the Lanham Act.

## PRAYER

**WHEREFORE, PLAINTIFF DEMAND THE FOLLOWING:**

1. That proper process issue and be served upon the defendants requiring them to appear and answer or otherwise respond to the Complaint within the time required by law.

2. That this Court issue a preliminary injunction requiring Defendants to

immediately comply with the De-identification process established by the Agreements and terminate their use of OTG's trademarks, remove OTG's signs from the franchise, remove the "trade dress" from the premises, repaint the facility in colors not associated with OTG's licensed system, and return any and all confidential manuals.

3. That Plaintiff has and recovers a money judgment against the defendants, jointly and severally, for compensatory damages in the sum of $240,051.72.

4. That the costs of this action, along with Plaintiff's attorneys fees be awarded to Plaintiff.

5. That Plaintiff receives such further and other general relief to which it may be entitled.

Respectfully submitted,

NEAL & HARWELL, PLC

By:_____
James R. Kelley, No. 5525
Christopher D. Booth, No. 22445
One Nashville Place, Suite 2000
150 Fourth Avenue, North
Nashville, Tennessee 37219
(615) 244-1713 – Telephone
(615) 726-0573 – Facsimile

*Counsel for Off the Grill Franchising, LLC*

**THIS IS THE FIRST APPLICATION FOR EXTRAORDINARY RELIEF IN THIS CAUSE.**

6

N:\N & H\Potential Clients\Off The Grill\Complaint-Off the Grill v Hickory Partners #2.doc
Case 3:05-cv-00650   Document 1   Filed 08/23/05   Page 6 of 7 PageID #: 52

# VERIFICATION

STATE OF TENNESSEE )
)
COUNTY OF WILLIAMSON )

FARZIN FERDOWSI, being first duly sworn, states that in his capacity as CEO of Off the Grill Franchising LLC, that he has read the foregoing Complaint and knows the contents thereof, and that the same is true to the best of his own knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters he believes them to be true.

*[signature]*

Sworn to and subscribed before me this 22nd day of August, 2005.

*Kathy Renee Wells*
Notary Public

[Notary Seal: Kathy Renee Wells, NOTARY PUBLIC AT LARGE, Williamson County, TN]

My Commission Expires:

3-22-08